UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CONRAD WALKER,

                Appellant,

   - against -

HSBC BANK USA, NATIONAL
ASSOCIATION,

                Appellee.

-------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-8477 (PKC)

PAMELA K. CHEN, United States District Judge:

Petitioner-Appellant Conrad Walker ("Appellant" or "Walker") appeals from a November 26, 2024 Order entered by the United States Bankruptcy Court for the Eastern District of New York (Jil Mazer-Marino, *Bankr. J.*) ("Bankruptcy Court"), denying Walker's motion to reinstate his Chapter 13 bankruptcy case (the "Dismissal Order"). (Notice of Appeal and Statement of Election ("Notice of Appeal"), Dkt. 1.) For the following reasons, the Dismissal Order is affirmed, and the appeal is denied.

# BACKGROUND[1]

## I.  Appellant's Foreclosed Property

On December 9, 2005, Walker took out a mortgage from Fremont Loan for his second property in Far Rockaway, NY (the "Property"). (*See* Bankr. Record, Dkt. 2, at ECF[2] 4, 5). On April 7, 2008, attorney Elpiniki Bechakas ("Bechakas") of the now defunct law firm Steven J. Baum P.C. (the "Baum firm") assigned Walker's mortgage to HSBC Bank ("HSBC"), who was then a client of the Baum firm. (*Id*. at 4); *see also Walker v. Pitnell*, No. 19-CV-4344 (PKC) (LB), 2020 WL 5764102, at *1 (E.D.N.Y. Sep. 26, 2020), *aff'd*, 860 F. App'x 210 (2d Cir. 2021).[3] On April 14, 2008, on behalf of HSBC, Steven Baum ("Baum") initiated the foreclosure action against the Property by filing a foreclosure complaint that was dated April 11, 2008. (Appellant's Brief ("Brief"), Dkt. 4, ¶ 20); Mem. in Supp. of Mot. to Vacate Dismissal ("First Motion") at ECF 2–3, *In re Conrad Walker*, No. 24-43228 (JMM) (Bankr. E.D.N.Y. Sep. 16, 2024), Dkt. 26 ("*Bankr.*").

---

[1] Since no appellee appeared in this case, the Court draws the relevant facts from Walker's briefing and sources of which the Court takes judicial notice. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (district courts may consider "matters of which judicial notice may be taken, or documents . . . of which plaintiffs had knowledge and relied on in bringing suit.") (internal citations omitted); *Wai Hoe Liew v. Cohen & Slamowitz*, LLP, 265 F. Supp. 3d 260, 271 (E.D.N.Y. 2017), *as revised* (June 16, 2017) ("a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*.") (internal citation omitted).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] Walker previously filed an action in this Court alleging violations of the Federal Debt Collection Practices Act (the "FDCPA"), New York Judiciary Law § 487, and New York Penal Law § 115.05, in connection with HSBC and others' efforts to collect on this same mortgage. *See generally*, *Walker*, 2020 WL 5764102. The Court refers to this prior action in so far as the underlying mortgage fraud allegations are the same.

Walker alleges several issues with this underlying foreclosure. First, Walker asserts that he was not delinquent on his mortgage at the time the foreclosure action was filed. (Brief, Dkt. 4, ¶ 16; Bankr. Record, Dkt. 2, at ECF 4.) Second, Walker alleges that, after initiating the foreclosure action on behalf of HSBC, Steven J. Baum (of the Baum firm) realized that HSBC lacked standing to enforce the foreclosure action because HSBC did not own the mortgage at the time of the intended foreclosure action. (*See* Brief, Dkt. 4, ¶ 21); *see also Walker*, 2020 WL 5764102, at *1. To cure this defect, Plaintiff claims, the Baum firm prepared a mortgage assignment to HSBC on April 12, 2008, that was backdated to April 7, 2008, and recorded with the Queens County Clerk on April 22, 2008.[4] (Brief, Dkt. 4, ¶ 21.) Third, Walker alleges that this assignment was executed despite a conflict of interest "in violation of 22 NYCRR § 1200.0 . . . Rule 1.7." (*Id.* ¶ 23.) More specifically, Walker alleges that Bechakas recorded the mortgage assignment to HSBC as an officer of the third-party Mortgage Electronic Registration System, Inc. ("MERS")[5] while also working at the Baum firm representing mortgage assignee HSBC. (*See id.* ¶¶ 21–23); *see also Walker*, 2020 WL 5764102 at *6. Walker notes that this practice was barred by an October 2011 settlement agreement between the Baum firm and the U.S. Attorney's Office in the Southern District of New York ("SDNY USAO")[6] and a separate March 2012 settlement agreement

---

[4] Walker alleges this information comes from the Automated City Register Information System ("ACRIS"), which allows individuals to search property records and view document images for Manhattan, Queens, the Bronx, and Brooklyn. ACRIS, https://www.nyc.gov/site/finance/property/acris.page (last visited June 17, 2025).

[5] The MERS is a national electronic database that tracks changes in mortgage servicing rights and beneficial ownership interests in loans secured by residential real estate. MERS, https://www.mersinc.org/products-services/mers-system (last visited June 17, 2025).

[6] According to the press release on the settlement from the SDNY USAO, "employees of [the Baum firm], with the consent of MERS, had been assigning mortgages on behalf of MERS, even though they had no connection to MERS whatsoever, which resulted in errors in its legal filings in state and federal court." SDNY USAO, *Manhattan U.S. Attorney Announces Agreement with Mortgage Foreclosure Law Firm to Overhaul its Practices and Pay $2 Million Fine*,

3

between the firm and the New York State Attorney General's Office. (Bankr. Record, Dkt. 2, at ECF 46–47);[7] *Walker*, 2020 WL 5764102, at *6. Ultimately, Walker alleges that because of these alleged improprieties with respect to the mortgage assignment and foreclosure process, mortgage assignee HSBC's relevant proof of claim was deficient. (*See* Brief, Dkt. 4, ¶ 16.)

## II. Appellant's Bankruptcy Petition

Walker filed his Chapter 13 bankruptcy petition (the "Petition") on August 1, 2024. Chapter 13 Voluntary Pet., *Bankr.*, Dkt 1. On August 5, 2024, the assigned Chapter 13 Trustee filed a motion to dismiss the Petition and bar Walker from filing another such petition, or a Chapter 7 conversion, for a year. Mot. to Dismiss, *Bankr.*, Dkt. 7. The Trustee's motion to dismiss represented that Walker had filed three previous bankruptcy-related petitions since 2018, that the first two were dismissed for failure to file the required documents, and that the third was dismissed with prejudice for failure to submit monthly pre-confirmation payments, failure to provide and/or file documents, and failure to appear at the meeting of creditors. *Id.* On August 9, 2024, the Bankruptcy Court issued an Order to Show Cause "why the case should not be dismissed for [Walker's] failure to pay the filing fee." Order to Show Cause, *Bankr.*, Dkt. 8. On August 14, 2024, the Bankruptcy Court ordered Walker to file an Official Form 121, or a statement about Walker's Social Security Number(s) or other Individual Taxpayer-Identification Numbers as

---

https://www.justice.gov/archive/usao/nys/pressreleases/October11/stevenbaumpcagreementpr.pdf (last visited June 18, 2025). "Pursuant to the Agreement, [the Baum firm] is prohibited from executing any assignment of a mortgage as an 'officer' or 'director' of MERS." *Id*.

[7] Walker also cites to several New York state court cases involving Baum, Bachakas, and Baum's law firm, including *U.S. Bank, N.A. v. Emmanuel*, 910 N.Y.S.2d 766 (N.Y. Sup. Ct. May 11, 2010), *rev'd sub nom. U.S. Bank v. Emmanuel*, 921 N.Y.S.2d 320 (N.Y. App. Div. 2011); *Lasalle Bank N.A. v. Smith*, 907 N.Y.S.2d 438 (N.Y. Sup. Ct. Mar. 22, 2010); *U.S. Bank Nat. Ass'n v. Martinez*, 52 N.Y.S.3d 248 (N.Y. Sup. Ct. Oct. 31, 2016); and *U.S. Bank, N.A. v. Guichardo*, 880 N.Y.S.2d 227 (N.Y. Sup. Ct. Feb. 2, 2009). (Brief, Dkt. 4, ¶ 24.)

required by Bankruptcy Rule 1007(f), by August 21, 2024, as Walker had failed to file this information with the Petition. Form 121 Order, *Bankr.*, Dkt. 10. After Walker failed to file this document by the deadline, the Bankruptcy Court dismissed Walker's Petition on August 29, 2025. Order Dismissing Case, *Bankr.*, Dkt. 13.

On September 11, 2024, Walker filed an appeal of the Petition's dismissal in this Court ("First Appeal"). *Walker v. HSBC Bank and Trustee*, No. 24-CV-6413 (PKC) (E.D.N.Y. terminated Jan. 6, 2025). Walker failed to prosecute the First Appeal, causing this Court to dismiss it on January 6, 2025. *Id.*

While that case was ongoing, on September 16, 2024, Walker filed a Motion to Vacate Order of Dismissal and/or Motion to Reinstate Case ("First Motion") in the Bankruptcy Court action. (Bankr. Record, Dkt. 2, at ECF 3.) After a hearing on the motion on October 8, 2024, at which Walker failed to appear, the Bankruptcy Court denied Walker's First Motion. (*Id.* at ECF 14–15; *id.* at ECF 11.) On November 1, 2024, Walker's son, through a Power of Attorney, filed a second Motion to Vacate Order of Dismissal and/or Motion to Reinstate Case ("Second Motion"), in which the son alleged that Walker had fallen on October 16, 2024, and subsequently been hospitalized. (*Id.* at ECF 13–14). The Second Motion also alleged that Walker had missed the October 8 hearing due to being a 92-year-old man with a "failing memory" and "health challenges." (*Id.* at ECF 15.) According to the motion, Walker had provided the son, who was supposed to help him attend the virtual hearing, with the wrong hearing date. (*Id.*) After a hearing on November 21, 2024, in its Dismissal Order, the Bankruptcy Court denied the Second Motion on November 26, 2024. (*Id.* at ECF 33); Second Mot. Hearing Transcript ("Tr."), *Bankr.*, Dkt. 50. The Dismissal Order is the subject of the instant appeal.

5

### III. The Instant Appeal

Walker filed this appeal on December 10, 2024, contesting the Bankruptcy Court's Dismissal Order.[8] (Notice of Appeal, Dkt. 1.) After requesting and being granted an extension to file his brief, Walker filed his appeal brief on March 7, 2025. (Brief, Dkt. 4.) Walker also filed proof of service on the designated appellee HSBC (as trustee) on April 24, 2025, as directed by the Court. (Aff. of Service, Dkt. 5; *see* 4/17/2025 Dkt. Order.) HSBC has failed to make an appearance or otherwise respond.

## LEGAL STANDARD

Under 28 U.S.C. § 158(a), "an appeal of right [in United States District Courts] lies from 'final judgments, orders, and decrees' entered by bankruptcy courts 'in cases and proceedings.'" *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (quoting 28 U.S.C. § 158(a)). "The Bankruptcy Code and Federal Rules of Bankruptcy Procedure require parties to appeal from a final order 'within 14 days after entry of the . . . order . . . being appealed.'" *Id.* at 40 (quoting 28 U.S.C. § 158(c)(2) and Fed. R. Bankr. P. 8002(a)). A reviewing court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree," or it may "remand with instructions for further proceedings." *Heilbron v. Plaza*, No. 20-CV-0312, 2021 WL 1062034, at *2 (E.D.N.Y. Mar. 19, 2021) (internal citations omitted); *see also* 28 U.S.C. § 2106.

---

[8] Walker's Notice of Appeal was filed on December 10, 2024, and entered on the docket on December 11, 2024, by this court's Clerk's Office. (*See* Notice of Appeal, Dkt. 1.) The date of this docket entry is therefore December 11, 2024, but the Court considers the Notice to have been filed on the day Walker actually filed it, which is December 10, 2024. *See also* United States District Court for the Southern District of New York's Electronic Case Filing [("ECF")] Rules and Instructions, § 3.1 ("For *pro se* litigants, paper documents filed with the Court, and subsequently scanned and docketed to the ECF system, shall be deemed filed on the date the documents are received by the Court.").

6

"Motions to vacate, alter, or reconsider a bankruptcy court's decisions or findings are governed by Federal Rules of Civil Procedure 52(b), 59(e), and 60(b), which apply to adversary proceedings through Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024, respectively." *In re: Emmons-Sheepshead Bay Dev., LLC*, 662 F. App'x 100, 103 (2d Cir. 2016) (summary order); *see also In re Wassah*, 417 B.R. 175, 182–83 (Bankr. E.D.N.Y. 2009) ("[A] motion to reopen or reinstate a bankruptcy case that has been dismissed is in reality a motion from relief from the order dismissing the case pursuant to Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Bankruptcy Rule 9024." (citing *In re Critical Care Support Servs.*, 236 B.R. 137, 141 (Bankr. E.D.N.Y. 1999))). District courts sitting as appellate courts review such motions for reconsideration for abuse of discretion. *In re: Emmons*, 662 F. App'x at 103. "A bankruptcy court abuses its discretion when it renders '(i) a decision rest[ing] on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (ii) a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding[,] cannot be located within the range of permissible decisions.'" *In re Lorick*, 634 B.R. 220, 223 (Bankr. E.D.N.Y. 2021) (quoting *In re Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 678 (2d Cir. 2003) (internal citations omitted)). This standard of review is applied "with a view toward the longstanding public policy in favor of upholding the finality of sale orders issued by Bankruptcy Courts, which is currently embodied in Bankruptcy Code § 363(m)." *In re Joe's Friendly Serv. & Son, Inc.*, 538 B.R. 618, 625 (Bankr. E.D.N.Y. 2015) (collecting cases).

## DISCUSSION

The Bankruptcy Court's denial of Walker's Second Motion is a final disposition of a discrete dispute and/or bankruptcy case. Such final dispositions are "immediately appealable." *Ritzen*, 589 U.S. at 39 (internal citations omitted). Walker filed his notice of appeal on December 10, 2024, exactly 14 days after the Bankruptcy Court issued its Dismissal Order. As

7

such, Walker's appeal is within the 14-day statutory limit. *See* 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8002(a). The Court therefore has jurisdiction to hear the appeal.

### I. Procedural Considerations

Preliminarily, the Court addresses two procedural considerations before turning to the merits of Walker's appeal. First, Walker appears to have included the wrong party as appellee in this appeal. Second, Walker appears to have failed to include a dispositive transcript in the record on appeal. While the Court finds these errors harmless, the Court briefly discusses them for the sake of clarity and completeness.

#### A. The Appropriate Parties to this Appeal

Walker listed HSBC as trustee and appellee and twice served this appeal on HSBC, the second time at this Court's insistence. (4/17/2025 Dkt. Order; Aff. of Service, Dkt. 5; Aff. of Service, Dkt. 4-1.) Upon closer review of the record on appeal and the Bankruptcy Court docket, this Court is not convinced that HSBC is the appropriate appellee for the instant appeal. *See, e.g.*, *In re Wassah*, 417 B.R. at 175 (U.S. trustee appearing as "appellee" in appeal from the denial of debtors' motions to vacate orders granting trustee's motion to dismiss bankruptcy petition); *In re Mader*, 661 B.R. 1 (Bankr. E.D.N.Y. 2021) (creditor appearing as "appellee" in appeal from order granting creditor relief from an automatic stay). Indeed, the Bankruptcy Court docket only includes Michael J. Macco, as Trustee, and the Office of the United States Trustee, as U.S. Trustee, but no HSBC. *See Bankr*. As Walker concedes, his Petition was dismissed before HSBC was required to produce a proof of claim. (*See* Brief, Dkt. 4, ¶ 19.) Given HSBC had not yet made an appearance on the Bankruptcy docket, let alone won the order under appeal by Walker, it appears that HSBC is not the proper appellee and the proper appellee has not been served.

However, because the Court is affirming the Dismissal Order on other grounds, the Court finds Walker's erroneous appellee designation and failure to serve the proper appellee to be harmless. "Bankruptcy Rule 9005, which deals with harmless error, provides that Rule 61 of the Federal Rules of Civil Procedure ('[Federal Rules]') applies" in instances of improper service. *In re Kramer*, 492 B.R. 366, 371 (Bankr. E.D.N.Y. 2013). "Rule 61 of the [Federal Rules] in turn provides that: '[u]nless justice requires otherwise, no error in admitting or excluding evidence— or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order'" and that "the court must disregard all errors and defects that do not affect any party's substantive rights." *Id*. (quoting Fed. R. Civ. P. 61) (also finding that party's failure to properly serve a motion to extend on debtor was harmless error because debtor "had notice of the Motion" and opportunity to contest it, and therefore his substantive rights were not injured); *see also Matter of Ditech Holding Corp.*, No. 23-CV-2482 (PGG), 2025 WL 896468, at *16–17 (S.D.N.Y. Mar. 24, 2025) (finding harmless error where party was not served amended Chapter 11 plan documents or related orders because party's substantive rights were not affected by this waiver of service); *In re Great Atl. & Pac. Tea Co., Inc.*, No. 11-CV-1338 (CS), 2011 WL 5546954, at *9 (S.D.N.Y. Nov. 14, 2011) (finding harmless error where the Bankruptcy Court's failure to require proper service was harmless and did not affect appellants' substantive rights). Here, because the Court is denying Walker's appeal, there is no jeopardy to any appellee, whether it be HSBC or otherwise. The Court therefore declines to delay its ruling on the merits while Walker, who is proceeding *pro se*, attempts to

identify and serve the correct appellee, only to have his appeal denied at a later date, and with greater effort and expense.[9]

### B.   An Incomplete Record

In a bankruptcy appeal, the appellant bears the burden of designating the "items to be included in the record on appeal" and "ordering . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal."  Fed. R. Bankr. P. 8009(a)(1)(A), (b)(1)(A).  The record transmitted to the Court in this case lacked the transcript of the on-record discussion between the Bankruptcy Judge and Walker regarding the Bankruptcy Court's Dismissal Order.  *See* 11/21/2024 Min. Entry, *Bankr*. (noting denial of Second Mot.)  Nonetheless, despite Walker's failure to order this transcript and include it in the appellate record, (*see* Notice of Appeal, Dkt. 1), in light of Walker's *pro se* status and "pursuant to its powers under Rule 8019 of the Federal Rules of Bankruptcy Procedure — Rule 8028's predecessor—this Court has obtained the [transcript] of the hearing in order to expedite a decision on the merits and to avoid requests for additional time or to refile the appeal."  *Rivera v. JP Morgan Chase*, No. 20-CV-5436 (JMA), 2021 WL 1999410, at *3 n.6 (E.D.N.Y. May 19, 2021) (internal citation omitted) (cleaned up); *see also In re Harris*, 464 F.3d 263, 269, 273 (2d Cir. 2006) ("In *Frostbaum*, the debtor failed to include the record of the hearing that served as the basis of the ruling, but the district court obtained the transcripts pursuant [to] its powers under [prior] Bankruptcy Rule 8019, which permits a district court to suspend the requirements of certain bankruptcy rules in the interest of expediting a case."[10] (citing *Frostbaum v. Ochs*, 277 B.R. 470, 473 n.1 (Bankr. E.D.N.Y.

---

[9] The Court also considers the Trustee Michael Macco to have sufficient notice of this appeal, since this appeal is reflected on the Bankruptcy Court docket and Mr. Macco has appeared in the Bankruptcy Court action.  *See* Notice of Appeal, *Bankr*., Dkt. 16.

[10] District courts still enjoy such discretion under current Bankruptcy Rules.  *In re Vivenzio*, No. 22-CV-944, 2023 WL 2147600, at *2 (2d Cir. Feb. 22, 2023) (summary order) (quoting

2002))).  The Court also notes that the transcript was made available on the Bankruptcy Court docket subsequent to Walker's appeal, which is an additional reason not to penalize *pro se* Walker for failing to designate it in his original appeal record.

## II.     Liberally Construed, Appellant Fails to Meet his Heavy Pleading Burden

As Walker points out in his brief, "[a] *pro se* pleading is held 'to less stringent standards than formal pleadings drafted by lawyers.'"  (Brief, Dkt. 4, ¶ 13 (quoting *Russell v. Karamingos*, No. 23-CV-8099 (PKC) (LB), 2023 WL 7300613 at *1 (E.D.N.Y. Nov. 6, 2023) (itself citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).)  Indeed, courts "remain obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal citations omitted) (caveating the pleading standard set by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### A.     Appellant's Arguments on Appeal

Liberally construed, Walker's brief alleges that the Bankruptcy Court abused its discretion in denying his Second Motion to Vacate the dismissal of his Petition because: (1) the sudden onset of Walker's health issues was a "contributing factor" in his failures to prosecute his case and serves to excuse these failures, (Brief, Dkt. 4, ¶ 17); (2) the Bankruptcy Court's "concern" with Walker's ability to "catch up" on payments ignored Walker's agreement to make the payments and offer to have Walker's son assist him "so as to guarantee punctuality in fulfilling [the bankruptcy payment] obligations," (*id.* at ¶ 18); and (3) creditor HSBC lacked standing in the underlying foreclosure

---

*Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991) ("[T]he district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked."), *superseded by rule on other grounds*, and Fed. R. Civ. P. 5(d)(4) & 83 (a)(2)); *see also In re Ladder 3 Corp.*, 571 B.R. 525, 534 (Bankr. E.D.N.Y. 2017), *subsequently aff'd*, 768 F. App'x 146 (2d Cir. 2019) (finding it "appropriate" to waive a requirement of E.D.N.Y. Local Bankruptcy Rules "in the interest of justice or for cause").

11

such that Walker did not have to pay HSBC, which the allegedly fraudulent proof of claim would have shown had the Bankruptcy Court reached this issue in the proceedings, (*see id.* at ¶¶ 19–28).

### 1. Appellant's Health as a Mitigating Factor for his Failures to Prosecute his Bankruptcy Action

Walker first argues, in essence, excusable neglect with respect to his failures to prosecute his Petition. Regarding the missing Form 121 that led to the original dismissal of his Petition, Order Dismissing Case, *Bankr.*, Dkt. 13, Walker attests that the hard-copy version of the relevant Bankruptcy Court orders had been mailed to an address that is no longer his primary residence and that the relevant electronic notifications went to his email archive. (Bankr. Record, Dkt. 2, at ECF 4–5.) Regarding his absence at the hearing concerning his First Motion on October 8, 2024, Walker, who is 92 years old, alleges that "due to health challenges . . . [and] failing memory," he provided an erroneous hearing date to his son, who was to facilitate Walker's virtual attendance from his permanent residence in Houston. (*Id.* at 15); *see also* Tr. at 5:21–6:10, *Bankr.*, Dkt. 50. Walker's son reinforces these allegations in an affidavit submitted to the Bankruptcy Court on November 1, 2024, where the son describes his father's fall, hospitalization, and subsequent signing of a Power of Attorney. (Bankr. Record, Dkt. 2, at ECF 13.) Indeed, Walker notes that "in the month prior to succumbing to illness," he "was able to take care of most of his financial paperwork," but that his illness "suddenly forced [him] to relinquish his responsibilities to his children," and that therefore "his state of health . . . contribut[ed to] . . . his failure to be present for the hearing granted by the court to vacate the dismissal." (Brief, Dkt. 4, ¶ 17.)

### 2. Appellant's Ability to Make Required Payments

Walker also argues that the Bankruptcy Court erred when it found that he would be unable to make the required payments on the bankruptcy plan. Walker argues that he "agreed to make the payments." (*Id.* ¶ 18.) He also argues that he "requested the Court's consent to allow [his] son

12

to assist him with the case through Power of Attorney so as to guarantee punctuality in fulfilling his obligations." (*Id*.); Tr. at 6:12–6:20, *Bankr*. Dkt. 50. Ultimately, Walker argues that the Bankruptcy Court erred in finding these assurances insufficient. *See* Tr. at 6:12–6:20, *Bankr*. Dkt. 50.

### 3. HSBC's Alleged Lack of Standing

Finally, Walker argues that HSBC lacks standing to receive any mortgage payments, regardless of the current status of these payments, because HSBC holds a fraudulent Proof of Claim over the Property. According to Walker, the Proof of Claim is fraudulent because (1) it was backdated; and (2) it is compromised by the conflict of interest between Bechakas, who recorded the assignment to HSBC as an officer of MERS, and Bechakas' colleague Baum, who represented the mortgage assignee HSBC. (Bankr. Record, Dkt. 2, at ECF 4; *see id.* at ECF 15 (Second Motion, referring to "the assignment issue stated in my [First Motion]")). Walker suggests that the Bankruptcy Court erred in "neglect[ing]" to "order[] [HSBC] to file their Proof of Claim, even at a later date." (Brief, Dkt. 4, ¶ 19.)

## B. The Court Denies Walker's Appeal

"'[A]n appeal from an order denying a Rule 60(b) motion [for reconsideration] brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal.'" *In re Mader*, 661 B.R. at 11 (quoting *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010)). "That is, a motion for reconsideration 'is not a vehicle for relitigating old issues[,] . . . securing a rehearing on the merits, or otherwise taking a second bit[e] at the apple.'" *Id.* (quoting *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012)). In reviewing such motions for reconsideration, courts may relieve a party from a final judgment, order, or proceeding due to, *inter alia,* mistake, inadvertence, surprise, or

13

excusable neglect; fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief. *Id*. (citing Fed. R. Civ. P. 60(b)(1)-(6)). But relief under Rule 60(b) is "extraordinary," *Glover v. Kirk*, No. 17-CV-1165 (WFK), 2021 WL 2788937, at *1 (E.D.N.Y. June 16, 2021) (citing *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)), and those who seek it face a "high burden," *Empire Cmty. Dev., LLC v. Ramos*, No. 22-CV-04570 (JMA) (ARL), 2025 WL 814758, at *6 (E.D.N.Y. Mar. 12, 2025), *appeal dismissed* (June 25, 2025).

Based on the Court's review of the record on appeal and the relevant transcript, *see* discussion *supra*, the Court cannot say that the Dismissal Order was an abuse of the Bankruptcy Court's discretion. The questions about Walker's age and ability to pay were "carefully analyzed and justifiably disposed" of by the Bankruptcy Court. *Carlton Concrete*, 2008 WL 4443233, at *5 (internal citation omitted). The Bankruptcy Court allowed discussion and argument and provided its reasoning regarding Walker's first and second arguments—his age and recent hospitalization, and his promises to make related payments, respectively. *See* Tr. at 5:15–8:24, *Bankr.*, Dkt. 50. Regarding Walker's third contention—HSBC's fraudulent Proof of Claim—the Court notes, and Walker concedes, that this Proof of Claim was not yet in front of the Bankruptcy Court for its assessment at the time of the dismissal. (Brief, Dkt. 4, ¶ 19.) Critically, Walker did not raise the fraud argument with the Bankruptcy Court during the hearing on Walker's Second Motion. *See generally*, Tr., *Bankr*. Dkt. 50. The Court therefore cannot find that the Bankruptcy Court erred by not considering this argument, which was never presented to it, nor can the Court independently consider this alleged ground for reversal of the Dismissal Order. In the end, Walker does not meet the high burden placed on parties seeking to displace a final judgment and instead invites the Court to grant Walker the proverbial "second bit[e] at the apple." *In re Mader*, 661 B.R. at 11 (quoting

14

*Analytical Surveys*, 684 F.3d at 52 (internal citation omitted)). Accordingly, the Court sees no basis for disturbing the Dismissal Order.

But neither the Dismissal Order nor this Court's affirmance of that order necessarily dooms Walker's fraudulent conveyance argument. As was discussed during the Second Motion hearing in Bankruptcy Court, *see generally* Tr. at 8, *Bankr.*, Dkt. 50, if Walker seeks to re-file his bankruptcy petition, he should be able to raise his challenge to HSBC's Proof of Claim and argue that HSBC lacks standing to receive any of Walker's mortgage payments in Bankruptcy Court.

## CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's Dismissal Order under appeal and denies the appeal.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 7, 2025
      Brooklyn, New York